1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID E. MACKEY,                          Case No.  1:20-cv-01014-BAM (PC)

12              Plaintiff,                      ORDER DIRECTING CLERK OF COURT TO
                                                RANDOMLY ASSIGN DISTRICT JUDGE TO
13        v.                                    ACTION

14   BRANDON PRICE, *et al.*,                   FINDINGS AND RECOMMENDATIONS
                                                REGARDING DISMISSAL OF ACTION FOR
15              Defendants.                     FAILURE TO STATE A COGNIZABLE
                                                CLAIM
16
                                                (ECF No. 11)
17
                                                **FOURTEEN-DAY DEADLINE**
18

19        Plaintiff David E. Mackey ("Plaintiff") is a civil detainee proceeding *pro se* in this case.

20   Persons detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil

21   detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v.

22   Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).  Plaintiff's complaint was screened by the Court,

23   and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint, filed on December

24   9, 2020, is before the Court for screening.  (ECF No. 11.)

25        I.      **Screening Requirement**

26        The Court screens complaints brought by persons proceeding in pro se and in forma

27   pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to

28   dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

                                           1

1  granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28

2  U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

8  true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc.,

9  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

10       To survive screening, Plaintiff's claims must be facially plausible, which requires

11  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

12  for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret

13  Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully

14  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

15  standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

16  **II.      Plaintiff's Allegations**

17       Plaintiff is currently housed at Coalinga State Hospital.  The events in the complaint are

18  alleged to have occurred at Coalinga State Hospital.  Plaintiff names the following as defendants:

19  (1) Brandon Price, Executive Director, (2) Brent Reden, Deputy Chief Counsel, Department of

20  State Hospitals, (3) Robert Withdrow, Medical Physician and Chief Director (4) Svetlana Anic,

21  treating psychiatrist, and (5) Pharmacy at the State Hospital.

22       Plaintiff alleges in claim 1 that Defendant Brandon Price and the treatment team do not

23  believe Plaintiff is ready for unconditional release.  Plaintiff is ready for unconditional release.

24  Plaintiff is compliant with taking his medication and does not need to be monitored for 20

25  minutes after taking his medication.  Plaintiff has a constitutional right not to take his medication

26  once he is released.  Plaintiff has side effects of the medication and it gives him the shakes and

27  tardive dyskinesia.  Svetlana Anic has already taken Plaintiff off the 20-minute watch.

28       In claim 2, Plaintiff alleges that the Coalinga state Hospital Pharmacy is liable for giving

Plaintiff bad medication.  Because Plaintiff has lung cancer, Plaintiff is at risk for COVID-19 because of the environmental conditions at Coalinga.  He didn't have lung cancer when he went to Coalinga.

Plaintiff has further complaints.  The copy machine is always down and he has to make copies at the post office. The church has been closed all year.

Plaintiff is asking for unconditional release and for $200,000 for his pain in suffering.

### III.    Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim under 42 U.S.C. § 1983.

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.  Plaintiff has been unable to cure this deficiency.

#### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or

3

immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's complaint fails to link Defendants to potential constitutional violations. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. Despite being told Plaintiff must link each individual to alleged constitutional violations, he has failed to correct this deficiency.

### C. Supervisor Liability

Insofar as Plaintiff is attempting to sue Defendant Brandon Price, Brent Reden, Robert Withdrow, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

4

marks omitted), abrogated on other grounds by <u>Farmer v. Brennan</u>, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." <u>Waggy v. Spokane County Washington</u>, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. See <u>Iqbal</u>, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations. See <u>Willard v. Cal. Dep't of Corr. & Rehab.</u>, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

**D.      Federal Rule of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); <u>Owens v. Hinsley</u>, 635 F.3d 950, 952 (7th Cir. 2011); <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may

5

1  be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

2        To the extent the Court can understand Plaintiff's claims, they are unrelated. Plaintiff may

3  not bring allegations regarding access to courts with a claim about conditions of confinement or

4  with one about medical care. Plaintiff continues to seek to join medical claims with access to

5  courts claims and possibly.

6       **E.  Eleventh Amendment Immunity**

7        The Eleventh Amendment bars federal jurisdiction over suits by individuals against a

8  State and its instrumentalities, unless the State consents to waive its sovereign immunity or

9  Congress abrogates it. <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 99-100

10  (1984). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must

11  be "unequivocally expressed." <u>Pennhurst</u>, 465 U.S. at 99. While California has consented to be

12  sued in its own courts pursuant to the California Tort Claims Act, such consent does not

13  constitute consent to suit in federal court. See <u>BV Engineering v. Univ. of California</u>, 858 F.2d

14  1394, 1396 (9th Cir. 1988); see also <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 241 (1985)

15  (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of

16  California's Eleventh Amendment immunity). Finally, Congress has not repealed state sovereign

17  immunity against suits brought under 42 U.S.C. § 1983.

18        The pharmacy is part of the State Hospital.  Because the Department of State Hospitals is

19  a state agency, it is immune from civil rights claims raised pursuant to Section 1983. See

20  <u>Pennhurst</u>, 465 U.S. at 100 (" This jurisdictional bar applies regardless of the nature of the relief

21  sought."); see also <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh

22  Amendment bars claim for injunctive relief against Alabama and its Board of Corrections).

23       **F.  Habeas Corpus**

24        Plaintiff's main claim, and his main request for relief, is to be released from confinement.

25  However, if Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment,

26  and the relief he seeks is a determination that he is entitled to immediate release or a speedier

27  release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Preiser v.</u>

28  <u>Rodriguez</u>, 411 U.S. 475, 500 (1973); see also <u>Simpson v. Ahlin</u>, No. 1:15-cv-01301-BAM (PC),

1   2016 WL8731340, at *2 (E.D. Cal. Sept. 16, 2016) (petition for writ of habeas corpus exclusive

2   method for civil detainee to challenge the validity of his continued commitment).  Plaintiff cannot

3   maintain a claim to be released from custody in a §1983 action.  His sole remedy is a habeas

4   corpus petition.

5        **G.  Medical Care**

6        Plaintiff asserts that he is having side effects from medication he has been prescribed and

7   he does not want to take his medication upon his release. Plaintiff also alleges that he contracted

8   lung cancer which he attributes to his confinement.

9        As a civil detainee, Plaintiff's right to medical care is protected by the substantive

10   component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo,

11   457 U.S. 307, 315 (1982). Under this provision of the constitution, a detainee plaintiff is "entitled

12   to more considerate treatment and conditions of confinement than criminals whose conditions of

13   confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting

14   Youngberg, 457 U.S. at 321–22). Thus, to avoid liability, a defendant's medical decisions

15   regarding the plaintiff's treatment must be supported by "professional judgment." Youngberg,

16   457 U.S. at 321. A defendant fails to use professional judgment when her decision is "such a

17   substantial departure from accepted professional judgment, practice, or standards as to

18   demonstrate that [she] did not base [her] decision on such a judgment." Id. at 323.

19        In determining whether defendant has met his constitutional obligations, decisions made

20   by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S.

21   at 324. "[T]he Constitution only requires that the courts make certain that professional judgment

22   in fact was exercised. It is not appropriate for the courts to specify which of several professionally

23   acceptable choices should have been made." Id. at 321. Liability will be imposed only when the

24   medical decision "is such a substantial departure from accepted professional judgment, practice,

25   or standards as to demonstrate that the person responsible actually did not base the decision on

26   such a judgment." Id. at 323.

27        Plaintiff fails to allege facts to satisfy the above legal standards that any professional has

28   failed to use appropriate professional standards in Plaintiff's treatment.  Indeed, as to his

7

1    medication, in the response to Plaintiff's appeal about his medication, attached to the original

2    complaint, it is noted that his treating physician switched him from the complained-of medication.

3    (ECF No. 1, p.8.)  As to Plaintiff's allegations of lung cancer, he does not allege that the

4    treatment he was given failed to conform to appropriate professional judgment. As to his claim

5    that he does not want to take his medication once he is released, that claim does not raise a

6    constitutional violation.  Plaintiff has not been released and he complains that the requirement to

7    take his medication upon release is what is keeping him from being released.  Such a contention

8    must be raised in a habeas corpus petition.

9            **H.  Conditions of Confinement**

10            Plaintiff alleges that his lung cancer was caused by his confinement.

11            "[W]hen the State takes a person into its custody and holds him there against his will, the

12    Constitution imposes upon it a corresponding duty to assume some responsibility for his safety

13    and general well-being." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199–

14    200 (1989). [Footnote omitted.] The government thus violates the Due Process Clause if it fails to

15    provide civil detainees with "food, clothing, shelter, medical care, and reasonable safety." Id. at

16    200. The Ninth Circuit has analyzed such conditions of confinement claims under an objective

17    deliberate indifference standard. See Castro v. Cnty. of L.A., 833 F.3d 1060, 1071 (9th Cir. 2016)

18    (en banc) (adopting objective deliberate indifference standard based on Kingsley v. Hendrickson,

19    576 U.S. 389 (2015), to evaluate failure to protect claim brought by pretrial detainee). That

20    standard demands that:

21            (1) The defendant made an intentional decision with respect to the conditions
            under which the plaintiff was confined;

22            (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

23

24            (3) The defendant did not take reasonable available measures to abate that risk,
            even though a reasonable officer in the circumstances would have appreciated the
            high degree of risk involved—making the consequences of the defendant's conduct
25            obvious; and

26            (4) By not taking such measures, the defendant caused the plaintiff's injuries.

27

28

1    Castro, 833 F.3d at 1071.

2        Plaintiff's conclusory allegations fail to allege a cognizable claim that his lung cancer was

3    the result of his incarceration. Plaintiff has failed to cure this deficiency.

4        **I. Denial of Access to the Courts**

5        Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,

6    518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v.

7    Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must

8    show that he suffered an actual injury, which requires "actual prejudice to contemplated or

9    existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing

10   Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S.

11   403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. The failure to allege an actual

12   injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a

13   'non-frivolous legal claim had been frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4). In

14   addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim.

15   Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth

16   in the pleading "as if it were being independently pursued." Id. at 417. Finally, Plaintiff must

17   specifically allege the "remedy that may be awarded as recompense but not otherwise available in

18   some suit that may yet be brought." Id. at 415.

19       Although Plaintiff contends in conclusory fashion that he been denied access to legal

20   materials and the law library, he fails to demonstrate actual injury in relation to any pending,

21   nonfrivolous case. Accordingly, Plaintiff fails to state a cognizable claim for denial of access to

22   the courts.  Plaintiff has been unable to cure this deficiency.

23       **J. First Amendment – Free Exercise of Religion**

24       "Inmates... retain protections afforded by the First Amendment, including its directive that

25   no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342,

26   348 (1987) (internal quotations and citations omitted). To implicate the Free Exercise Clause, a

27   Plaintiff must show that the belief at issue is both "sincerely held" and "rooted in religious

28   belief." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); see Shakur v. Schriro, 514 F.3d 878,

9

1   884-85 (9th Cir. 2008) (noting the Supreme Court's disapproval of the "centrality" test and

2   finding that the "sincerity" test in <u>Malik</u> determines whether the Free Exercise Clause applies).

3         However, "a prisoner's right to free exercise of religion 'is necessarily limited by the fact

4   of incarceration.' " <u>Jones v. Williams</u>, 791 F.3d 1023, 1032 (9th Cir. 2015) (citation omitted). "

5   'To ensure that courts afford appropriate deference to prison officials,' the Supreme Court has

6   directed that alleged infringements of prisoners' free exercise rights be 'judged under a

7   'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of

8   fundamental constitutional rights.' " Id. (quoting <u>O'Lone</u>, 482 U.S. at 349.) "The challenged

9   conduct 'is valid if it is reasonably related to legitimate penological interests.' " Id. (quoting

10  <u>O'Lone</u>, 482 U.S. at 349). "A person asserting a free exercise claim must show that the

11  government action in question substantially burdens the person's practice of [his] religion."

12  <u>Jones</u>, 791 F.3d at 1031; <u>Shakur</u>, 514 F.3d at 884-85. If the inmate makes his initial showing of a

13  sincerely held religious belief, he must establish that prison officials substantially burden the

14  practice of his religion by preventing him from engaging in conduct which he sincerely believes

15  is consistent with his faith. <u>Shakur</u>, 514 F.3d at 884-85. "[T]he availability of alternative means of

16  practicing religion is a relevant consideration" for claims under the First Amendment. <u>Holt v.</u>

17  <u>Hobbs</u>, 574 U.S. 352, 135 S. Ct. 853, 862 (2015).

18        Here, Plaintiff alleges that his First Amendment right to free exercise of religion.  Plaintiff

19  has not alleged that closing the chapel substantially burdens his practice of his religion of a

20  sincerely held belief.  The documents attached to the original complaint state that restrictions on

21  movement were related to Covid concerns, consistent with the Department of Public Health and

22  the CDC guidelines, and Plaintiff could ask for a chaplain who would then visit Plaintiff at his

23  unit.  Allegations of merely closing the chapel do not raise a cognizable claims.

24        **K.  Job Assignment**

25        For the reasons explained below there is no constitutional right to a prison job.

26        "[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or

27  liberty interest in prison employment[.]" <u>Walker v. Gomez</u>, 370 F.3d 969, 973 (9th Cir. 2004)

28  (quoting <u>Ingram v. Papalia</u>, 804 F.2d 595, 596 (10th Cir.1986) (per curiam); and citing <u>Baumann</u>

10

1    v. Ariz. Dep't of Corr., 754 F.2d 841, 846 (9th Cir.1985)); see also Rainer v. Chapman, 513

2    Fed.Appx. 674, 675 (9th Cir. 2013) (holding that the district court properly dismissed the

3    California prisoner-plaintiff's "due process claims based on his removal from his work

4    assignment and transfer from the facility where his job was located because these allegations did

5    not give rise to a constitutionally protected liberty or property interest"); Barno v. Ryan, 399

6    Fed.Appx. 272, 273 (9th Cir. 2010) (holding that possible loss of a state prison job due to a

7    California state prisoner's classification as a sex offender did not violate the prisoner's Fourteenth

8    Amendment or Eighth Amendment rights); Gray v. Hernandez, 651 F. Supp. 2d 1167, 1177 (S.D.

9    Cal. 2009) (stating that "[w]hile state statutes and prison regulations may grant prisoners liberty

10    interests sufficient to invoke due process protections, the instances in which due process can be

11    invoked are significantly limited," and holding that a California state prisoner had not shown "a

12    right to prison employment" protected under the Due Process Clause); Hunter v. Heath, 95 F.

13    Supp. 2d 1140, 1147 (D. Or. 2000) ("It is uniformly well established throughout the federal

14    circuit courts that a prisoner's expectation of keeping a specific prison job, or any job, does not

15    implicate a property or liberty interest under the Fourteenth Amendment."), rev'd on other

16    grounds, 26 Fed.Appx. 764, 755 (9th Cir. 2002).

17          **IV.    Conclusion and Order**

18          For the reasons stated, Plaintiff's amended complaint fails to comply with Federal Rule of

19    Civil Procedure 8, 18 and 20 and fails to state a cognizable claim for relief under section 1983.

20    Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to

21    cure the deficiencies in his complaint by amendment, and thus further leave to amend is not

22    warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

23          Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a

24    district judge to this action.

25          Furthermore, IT IS HEREBY RECOMMENDED that the claims in this action be

26    dismissed based on Plaintiff's failure state a cognizable claim upon which relief may be granted;

27          These Findings and Recommendation will be submitted to the United States District Judge

28    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen

(14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 11, 2020**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE